IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CORTIO Z. MARSHALL,                )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        CASE NO. 3:25-CV-915-WKW
                                   )                [WO]
THE STATE OF ALABAMA,              )
                                   )
            Defendant.             )

## MEMORANDUM OPINION AND ORDER

On November 12, 2025, Plaintiff Cortio Z. Marshall, a pretrial detainee in custody at the Chambers County Detention Facility, filed this *pro se* complaint under 42 U.S.C. § 1983 against the State of Alabama.[1]  (Doc. # 1.)  The complaint is before the court for screening under 28 U.S.C. § 1915A.  After review, Plaintiff's claims must be dismissed prior to service of process pursuant to § 1915A(b)(1).

## I.  STANDARD OF REVIEW

Because Plaintiff is seeking redress from a governmental entity, the complaint is subject to screening under 28 U.S.C. § 1915A.  Section 1915A requires the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it."  *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam).  Plaintiff signed and dated his § 1983 complaint "11/12/2025." (Doc. # 1 at 3.)

frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915A(b)(1)–(2).[2]  The procedure required by § 1915A is, by its terms, a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* § 1915A(a).

A complaint is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Such claims include those where "it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." *Id.* (citation omitted).  Furthermore, although *pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed," *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (cleaned up), the court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to

---

[2] The screening language in § 1915A(b) is nearly identical to the language in 28 U.S.C. § 1915(e)(2)(B).  The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical).  Therefore, this court applies the Eleventh Circuit's interpretation of § 1915(e)(2)(B) to § 1915A(b).

sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II.  THE COMPLAINT'S ALLEGATIONS

The complaint's allegations, construed favorably to Plaintiff, set forth the following.  On June 3, 2025, a district judge for the District Court of Chambers County, Alabama, entered an Order on Preliminary Hearing in Plaintiff's criminal case.  The Order finds that Plaintiff waived his preliminary hearing through his court-appointed attorney.  (Doc. # 1-2.)  Plaintiff alleges that the district judge "illegally signed off on a[n] invalid waiver without Plaintiff's consent, with malice intention."  (Doc. # 1 at 1.)  He contends that he did not agree "to waiv[e] his constitutional right to his preliminary hearing."  (Doc. # 1 at 2.)  As a result, Plaintiff claims that the district judge did not hear any testimony from witnesses or examine the evidence, such as dash cam and body cam footage, which he argues would have shown a lack of probable cause for the charges against him.  (Doc. # 1 at 2.)  He also notes in a parenthetical that the State of Alabama "failed in giving [him] an initial appearance."  (Doc. # 1 at 2.)

Plaintiff alleges a violation of his Fourth Amendment right to a prompt judicial determination of probable cause.  (Doc. # 1 at 3.)  He requests $5 million in damages for "extreme mental anguish" and the loss of his "family, home, business,

vehicles, *etc.*"  (Doc. # 1 at 3.)  The sole named Defendant is the State of Alabama.

(Doc. # 1 at 1.)

## III.  DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

## A.    State of Alabama's Status Under § 1983:  Not a "Person" and Possesses Immunity

The State of Alabama cannot be held liable in a lawsuit brought under § 1983

for two reasons.  First, the State of Alabama is not a "person" subject to suit under

§ 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).  Second, the

Eleventh Amendment insulates a state from suit unless the state has expressly

waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 98, 100 (1984), or Congress has abrogated the immunity,

*see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996).  "Alabama has not

waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress

abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (per curiam) (citing *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)).

Therefore, all claims against the State of Alabama must be dismissed with prejudice as frivolous under 28 U.S.C. § 1915A(b)(1), as these claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Selensky v. Alabama*, 619 F. App'x 846, 848 (11th Cir. 2015) (per curiam) (affirming dismissal of a prisoner's 42 U.S.C. § 1983 complaint as frivolous under § 1915(e)(2)(B)(i) where the Eleventh Amendment prevented the lawsuit).

## B.    State District Judge:  Judicial Immunity

In the body of the complaint, Plaintiff names the state district judge who entered the Order on Preliminary Hearing.  (Doc. # 1 at 1.)  It is unclear if Plaintiff intends to hold the district judge liable under § 1983.  If so, those claims also are subject to dismissal, as the district judge is protected by absolute judicial immunity.

A state district judge is shielded by absolute judicial immunity from lawsuits under 42 U.S.C. § 1983 "for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018); *see also Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (per curiam) ("Congress, in enacting section 1983, did not intend to abolish the doctrine of judicial immunity in cases alleging state deprivation of federal constitutional rights.").  To break it down, judicial immunity applies when the judge (1) "deal[t] with the plaintiff in his judicial

5

capacity" and (2) did not act in the "clear absence of all jurisdiction." *Dykes*, 776 F.2d at 945 (cleaned up); *accord Washington Mut. Bank v. Bush*, 220 F. App'x 974, 975 (11th Cir. 2007). Absolute judicial immunity applies "regardless of whether [the judge] made a mistake, acted maliciously, or exceeded his authority." *McCullough*, 907 F.3d at 1331.

The first requirement for judicial immunity is satisfied because the state district judge acted in his judicial capacity by issuing the Order on Preliminary Hearing in Plaintiff's criminal case. The second requirement is met because the district court had subject matter jurisdiction such that he could make rulings in the state criminal action. Therefore, any claims against the state district judge must be dismissed with prejudice as frivolous under 28 U.S.C. § 1915A(b)(1), as these claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## C.    Futility of Amending the Complaint

Construing the complaint's allegations favorably to Plaintiff, the court finds that dismissal of the complaint is required for the reasons explained. Generally, the district court will afford a *pro se* prisoner an opportunity to amend his complaint at least once. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014). However, a district court is not required to allow an amendment that would be futile. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (per curiam) (citing *Cockrell v.*

*Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)). An amendment is considered futile, if the complaint, as amended, "would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *Cockrell*, 510 F.3d at 1310). Because neither the State of Alabama nor the state district judge can be sued under § 1983 on these allegations, any amendment to the complaint would be futile. Therefore, leave to amend will not be granted.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's 42 U.S.C. § 1983 claims against the State of Alabama, as well as any claims against the state district judge, are DISMISSED with prejudice as frivolous under 28 U.S.C. § 1915A(b)(1).

Final judgment will be entered separately.

DONE this 24th day of November, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE